# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>CDCR CORRECTIONS OFFICER, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00439-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Pauline Montgomery ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

On March 24, 2023, the Court issued an order striking the complaint for lack of signature and directing Plaintiff to submit a completed application to proceed *in forma pauperis* or pay the $402.00 filing fee to proceed with this action and to file a signed complaint, not to exceed 25 pages in length, or a notice of voluntary dismissal. (ECF No. 3.) The Court expressly warned Plaintiff that failure to comply with the Court's order would result in dismissal of this action. (*Id.* at 2.) The Court granted Plaintiff an extension of time to June 12, 2023 to file the completed documents, again warning Plaintiff that failure to comply with the Court's order would result in dismissal of this action. (ECF No. 8, p. 3.) The extended deadline has expired, and Plaintiff has failed to respond to the Court's orders.

**II.     Failure to Prosecute and Failure to Obey a Court Order**

    **A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their

1

1  dockets and "[i]n the exercise of that power they may impose sanctions including, where
2  appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A
3  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
4  failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46
5  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,
6  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
7  amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)
8  (dismissal for failure to comply with court order).

9      In determining whether to dismiss an action, the Court must consider several factors:
10  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
11  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
12  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779
13  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

14      **B.**    **Discussion**

15      Here, Plaintiff's application to proceed *in forma pauperis* or payment of the filing fee, as
16  well as a signed complaint, are overdue and she has failed to comply with the Court's order.  The
17  Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court
18  finds that both the first and second factors weigh in favor of dismissal.

19      The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
20  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
21  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against
22  dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d
23  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
24  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
25  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*
26  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

27      Finally, the Court's warning to a party that failure to obey the court's order will result in
28  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

*Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's March 24, 2023 and May 10, 2023 orders expressly warned Plaintiff that her failure to comply with the Court's orders would result in dismissal of this action.  (ECF No. 3, p. 2; ECF No. 8, p. 3.)  Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff has not paid the filing fee, or would be proceeding *in forma pauperis* in this action, apparently making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating the case.

### III.     Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey Court orders and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2023**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE